Submitted May 6, reversed and remanded June 8, 2022

Lydia SANDOVAL,
*Plaintiff-Appellant,*

*v.*

BUSINESS OREGON,
an agency of the State of Oregon, and
Oregon Department of Revenue,
an agency of the State of Oregon,
*Defendants-Respondents.*

Marion County Circuit Court
20CV16707; A176333

511 P3d 89

Thomas M. Hart, Judge.

Carl Post and John Burgess filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondents.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Plaintiff appeals from a limited judgment dismissing with prejudice her claims of employment discrimination and retaliation against Business Oregon, a state agency. Business Oregon moved for limited summary judgment, asserting that plaintiff's tort claims notice was untimely under ORS 30.275. The trial court agreed and granted Business Oregon's motion. On appeal, plaintiff contends that the trial court erred, as her tort claim notice was timely. The state now concedes that the court erred in granting its motion for summary judgment. We agree and accept the concession, and therefore reverse and remand.

A lengthy description of the case would not benefit the bench, the bar, or the public. Suffice it to say that plaintiff's tort claims notice given in March 2019 asserted facts in support of her claim that Business Oregon constructively discharged her from employment in November 2018. As relevant here, "[n]o action arising from any act or omission of a public body *** shall be maintained unless notice of claim is given *** within 180 days of the alleged loss or injury." ORS 30.275(1), (2). As the state now recognizes, plaintiff did allege a loss or injury that occurred in the 180 days that preceded the notice of her claim.

Reversed and remanded.